IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

2007 DEC 21  PH 2:38

| | |
|---|---|
| MARK DICKERSON,<br>　　Plaintiff,<br><br>v.<br><br>AMERIQUEST MORTGAGE<br>COMPANY and CITI RESIDENTIAL<br>LENDING<br>　　Defendants. | Docket No. 3-07-1272<br><br>Jury Demand<br><br>JUDGE WISEMAN |

## COMPLAINT

### Introduction

1. The plaintiff is a low income, single-father of two, who was lured into an unaffordable, predatory home equity loan transaction. Through this action plaintiff seeks enforcement of his rescission of the transaction under the Truth in Lending Act, plus damages as described herein.

### Jurisdiction and Venue

2. This Court has jurisdiction over this cause pursuant to 28 U.S.C. §1331 (federal question), 28 U.S.C. §2201 (declaratory judgment) and 28 U.S.C. §1367 (supplemental jurisdiction). The transaction giving rise to this case was consummated at the office of Defendant Ameriquest Mortgage Company located in Nashville, Davidson County, Tennessee.

**Parties**

3. Plaintiff, Mark Dickerson, is a Davidson County homeowner residing at 25 Fairway Drive, Nashville, Tennessee 37214. The legal description of the plaintiff's residence is as follows:

> Being Lot No. 7 on the Plan of Maplecrest Subdivision, as of record in Plat Book 1835, Page 27 and 28, Register's Office for Davidson County, Tennessee, to which said plan reference is hereby made for a more complete and accurate legal description thereof.
>
> Being the same property conveyed to William Boyd Adams, and Dorothy Ann Adams, Husband and Wife by deed from Thomas E. Stewart, Trustee of record in Deed Book 10717, page 631, Register's Office for said County
>
> Being the same property conveyed to Mark Edward Dickerson by deed from William Boyd Adams and Dorothy Ann Adams, husband and wife, dated July 26, 2001 and filed of record as Instrument No. 20010813-0086743, Register's Office for Davidson County, Tennessee.

4. Defendant Ameriquest Mortgage Company is a corporation domiciled in California and qualified to do business in Tennessee. Said defendant engages in the business of originating and servicing home equity loan transactions in the state of Tennessee and elsewhere.

5. Defendant Citi Residential Lending is a corporation domiciled in New York and qualified to do business in Tennessee. Said defendant engages in the business of servicing home equity loan transactions in the state of Tennessee and elsewhere.

**Statement of Facts**

6. The plaintiff has owned his residence in Nashville, Davidson County, Tennessee since 2001.

7. In August 2005, the plaintiff received a phone call from a man representing Ameriquest Mortgage Company.

8. The man told the plaintiff that Ameriquest could offer him lower payments and a lower interest rate than his current mortgage. The man told the plaintiff that by refinancing with Ameriquest, plaintiff could also consolidate his bills, and get "cash out."

9. In the subsequent weeks, plaintiff had several more phone calls with Ameriquest representatives during which plaintiff gave the representatives information regarding his employment status, salary, and wage bonuses.

10. Upon information and belief, the name of one of the Ameriquest representatives with whom plaintiff spoke was William Moody.

11. The plaintiff gave accurate answers to the questions asked by the Ameriquest representatives regarding his income and employment status.

12. The plaintiff met with three representatives during his lunch break from work at the Ameriquest offices on September 23, 2005. The purpose of the meeting was to conduct the closing of the loan. Mr. Moody was one of the three Ameriquest representatives present at the closing.

13. The three Ameriquest representatives conducted the closing quickly. The representatives did not discuss rate, payments, or other terms with the plaintiff. The representatives did not tell the plaintiff that the loan included an ARM provision.

14. The plaintiff felt rushed and overwhelmed during the closing.

15. The plaintiff was given a copy of his closing packet before he left Ameriquest on the day of the closing. After receiving his copy of the closing packet, the plaintiff departed.

16. The closing packet given to the plaintiff included only one copy of the Notice of Right to Cancel. The Notice of Right to Cancel did not show the date by which the plaintiff could cancel the loan.

17. Upon arriving back at his workplace, plaintiff noticed that his taxes and insurance were not escrowed through the Ameriquest loan and that his payments for his mortgage had actually gone up, rather than down.

18. The plaintiff was also surprised to find that his interest rate was no longer fixed, and instead his loan included an ARM.

19. The plaintiff called Mr. Moody to inquire about the ARM and as to why his taxes and insurance were not escrowed. Mr. Moody told plaintiff "not to worry" and that plaintiff "wouldn't have to pay those for a year anyway." Mr. Moody also told plaintiff that plaintiff could "come back and re-do the mortgage" in a few months.

20. Approximately six months later, plaintiff ran into Mr. Moody at a restaurant. Plaintiff expressed his interest in getting a fixed rate loan. Mr. Moody promised to "look into" assisting the plaintiff with getting a fixed rate loan.

21. Ultimately Ameriquest denied the plaintiff's request to refinance the ARM mortgage for a fixed rate mortgage.

22. Plaintiff's previous mortgage included a fixed interest APR of 6.225% and his monthly payments were approximately $720 per month including the escrow of insurance and taxes.

23. The Ameriquest mortgage included a 6.900% opening rate on an ARM that would reset to 8.900% after the first two years and could go up 1.000% every six months after that to a maximum of 12.900%. All told, the Ameriquest mortgage, promised by defendant to offer a "better rate" and lower payments, instead included an APR of 9.004% and monthly payments starting at $733.82 for the first two years with a payment schedule showing that payments would be $909.10 by May 2008. These payments did not include the escrow of insurance and taxes.

24. On September 24, 2007, plaintiff's counsel sent via certified mail on his behalf a letter to Ameriquest Mortgage Company and to the original servicer of the mortgage, AMC Mortgage Services, rescinding and canceling the home equity loan pursuant to the Truth in Lending Act and Regulation Z. That letter was duly received by AMC Mortgage Services, but was returned unclaimed by defendant Ameriquest Mortage Company. (A copy of that letter is affixed to this complaint as Exhibit 1.)

25. AMC Mortgage Services transferred the servicing of this loan to Citi Residential Lending on or about October 2007. A letter sent to plaintiff's counsel from Citi Residential Lending on October 4, 2007 states that AMC Mortgage Services forwarded Citi Residential Lending a copy of the rescission and cancellation notice.

26. Defendant Citi Residential Lending has not acknowledged plaintiff's right to cancel. Instead, defendant Citi Residential Lending directly sent to plaintiff a Notice of Foreclosure on November 6, 2007, indicating that the balance of plaintiff's mortgage would be accelerated on December 7, 2007. Consistent with his statutory rescission of the home equity loan transaction, plaintiff has proffered no loan payments to any defendant since the date of rescission.

**First Cause of Action: Statutory Rescission**

27. Plaintiff rescinded and canceled his home equity loan transaction with defendant Ameriquest Mortgage Company through his letter sent by counsel to Ameriquest Mortgage Company and to AMC Mortgage Services on September 24, 2007.

28. The result of the rescission is that the Deed of Trust recorded in this transaction is void; any and all costs and fees assessed at closing are void; and all interest payable in the transaction is void. Defendant was required within twenty days of the rescission to

release the Deed of Trust of record, which it has failed and refused to do. 15 U.S.C. §1635; Reg. Z §226.23.

**Second Cause of Action: Statutory Damages under Truth in Lending**

29. For the refusal to release the recorded Deed of Trust within twenty days of the plaintiff's rightful rescission of the transaction, defendants Ameriquest Mortgage Company and Citi Residential Lending are liable to the plaintiff for $2,000.00 in statutory damages plus such actual damages as shall be proved, pursuant to 15 U.S.C. §1640(a).

**Third Cause of Action: Fraud in the Inducement and Tortious Misrepresentation**

30. Defendant Ameriquest Mortgage Company through its agents, including William Moody, misrepresented to plaintiff that his monthly mortgage payments through the new loan would be lower than his existing payments and that he would receive a better interest rate. That misrepresentation was false, was known by Ameriquest to be false, and was made with the intention of inducing plaintiff to enter into the new mortgage agreement.

31. Plaintiff relied upon the verbal statements by Ameriquest and its agents to his detriment. Defendant Ameriquest is liable to plaintiff for his damages as shall be proved, resulting from the misrepresentation made to him by defendant Ameriquest. Defendant Ameriquest is further liable to plaintiff for punitive damages in such reasonable amount as shall be awarded, as punishment for its fraudulent conduct towards the plaintiff. Plaintiff avers that a reasonable amount of punitive damages in this cause is $50,000.

**WHEREFORE, plaintiff prays:**

32. That this court issue a decree enforcing the plaintiff's rescission of his mortgage loan transaction with defendant Ameriquest Mortgage Company, that the Deed of Trust recorded to secure said mortgage loan be declared null and void as a result of the rescission, that all costs and fees assessed in the closing of said transaction be declared null and void, and that all interest assessed in the credit transaction be declared null and void, all pursuant to the provisions of 15 U.S.C. §1635 and Regulation Z §226.23;

33. That plaintiff have and recover of defendant Ameriquest statutory damages, including liquidated damages in the amount of $2,000.00 plus such actual damages as shall be proved pursuant to 15 U.S.C. §1640(a), for the refusal of defendant Ameriquest to release its Deed of Trust and acknowledge the cancellation of the account within the required twenty days following its receipt of plaintiff's rescission letter;

34. That plaintiff have and recover such damages as shall be proved, plus punitive damages in the amount of $50,000 for the fraud committed upon plaintiff by defendant Ameriquest as alleged in this complaint;

35. That a jury be impaneled for the trial of this cause;

36. For such other and further relief against each named defendant as may appear to the court to be just and proper.

Respectfully submitted,

*Jessica My[signature]*
Jessica Myers, BPR #022595
David J. Tarpley, BPR #4059
Legal Aid Society of Middle
    Tennessee and the Cumberlands
300 Deaderick Street
Nashville, TN 37201
(615) 780-7138
Attorneys for Plaintiff, Mark Dickerson

7

# Citi Residential Lending

October 4, 2007

Legal Aid Society of Middle Tennessee and The Cumberlands
Attention: Jessica Myers
300 Deadrick Street
Nashville, TN 37201

      Re:                  Loan Number 0133619882
      Borrower:      Mark E. Dickerson
      Property Address:  25 Fairway Drive
                                Nashville, TN 37214

Dear Ms. Myers:

This letter is in response to the correspondence addressed to the prior servicer of the loan, AMC Mortgage Services, Inc., received on October 2, 2007 in the Office of the President for Citi Residential Lending, Inc., regarding your allegations of Federal Truth and Lending Act violations.

We have forwarded your request to rescind this loan to Gus McDaniel in the Legal Department for ACC Capital Holdings Corporation. Mr. McDaniel can be contacted at (714) 541-9960, extension 14715.

If you have any questions, please contact me at (866) 461-0913, extension 38296, Monday through Friday, 7 a.m. to 4 p.m., Pacific Time.

Sincerely,

Stephen Gilson
Office of the President
AMC Mortgage Services, Inc.



EXHIBIT 1

Federal law requires us to notify you that we are acting as a debt collector and any information we collect from you will be used for the purpose of collecting your debt. Unless federal law otherwise prohibits, we may report information about your account to the credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. Please be advised that if your loan is in a bankruptcy or has been discharged, this is not an attempt to collect a debt but is sent to you for informational purposes only.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

For the Middle   District of   Tennessee

Mark Dickerson

**SUMMONS IN A CIVIL ACTION**

V.

Ameriquest Mortgage Company and Citi Residential Lending, Inc.

CASE NUMBER: **3 07 1272**

**JUDGE WISEMAN**

TO: (Name and address of Defendant)

Ameriquest Mortgage Company
SERVE registered agent: National Registered Agents, Inc.
1900 Church Street
Suite 400
Nashville, TN 37203

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

David J. Tarpley and Jessica Myers
Legal Aid Society of Middle Tennessee and the Cumberlands
300 Deaderick Street
Nashville, TN 37203

an answer to the complaint which is served on you with this summons, within ____30____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**KEITH THROCKMORTON**   DEC 2 1 2007

CLERK   DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

For the Middle    District of    Tennessee

Mark Dickerson

**SUMMONS IN A CIVIL ACTION**

V.

Ameriquest Mortgage Company and Citi Residential Lending, Inc.

CASE NUMBER:   3 07 1272

JUDGE WISEMAN

TO: (Name and address of Defendant)

Citi Residential Lending, Inc.
SERVE registered agent: Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

David J Tarpley and Jessica Myers
Legal Aid Society of Middle Tennessee and the Cumberlands
300 Deaderick Street
Nashville, TN 37203

an answer to the complaint which is served on you with this summons, within ___30___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**KEITH THROCKMORTON**    DEC 2 1 2007

CLERK    DATE

(By) DEPUTY CLERK