**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**AT NASHVILLE**

| | | |
|---|---|---|
| **MARK DICKERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CASE NO. 3-07-1272** |
| | ) | |
| **AMERIQUEST MORTGAGE COMPANY,** | ) | **JUDGE WISEMAN** |
| **and CITI RESIDENTIAL LENDING** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR STAY OF ALL PROCEEDINGS

### I.    INTRODUCTION

Defendants Ameriquest Mortgage Company and Citi Residential Lending ("Defendants") file this Memorandum in support of their Motion for Stay of All Proceedings.    Specifically, Defendants aver that all proceedings in this matter, and all related deadlines, should be stayed in anticipation of an order from the Judicial Panel on Multidistrict Litigation (the "MDL Panel"), designating this case as a "tag along" to the Multidistrict Litigation Proceeding entitled *In re Ameriquest Mortgage Company Lending Practices Litigation*, Case No. 1:05-cv-07097 ("MDL 1715), pending in the United States District Court for the Northern District of Illinois.    In accordance with their obligations under Rules 1.1, 7.4 and 7.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("MDL Rules") (attached collectively as Exh. 1), Defendants will be identifying this case to the Panel as a potential tag along action.    Defendants have already designated in excess of 400 other cases as related matters.    The vast majority of these cases have already been transferred to the Panel.

Good cause exists to grant this Motion to Stay Proceedings because the central issues in this case are identical to the central issues in many of the cases already transferred to MDL 1715.

As the Panel noted in its original Transfer Order creating the centralized MDL litigation, "[c]entralization . . . is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, including those with respect to class certification, and conserve the resources of the parties, their counsel and the judiciary."  [*See* Exh. 2; *reported as In re Ameriquest Mortgage Co. Mortgage Lending Practices Litig.*, 408 F. Supp. 2d 1354 (J.P.M.L. 2005)].

Further, staying this action pending the MDL Panel's decision will preserve judicial resources and avoid prejudice to Defendants.  As this case was filed very recently, on December 21, 2007, Plaintiff will not be prejudiced if the Court enters a temporary stay of proceedings. Accordingly, the proceedings in this case should be stayed pending the transfer of this action to MDL 1715.

## II.　STATEMENT OF FACTS

### A.　The Instant Action and Factual Grounds for a Stay

Plaintiff Mark Dickerson filed the instant lawsuit on December 21, 2007.  Plaintiff alleges claims for violation of, *inter alia*, the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA") by failing to provide the required disclosures and engaging in predatory lending practices.  The case involves common questions of law and fact to the MDL proceeding, described below.  When a case may be transferred to an existing MDL proceeding, judicial economy dictates that the Court exercise its authority and stay the action pending the Panel's decision on transfer.  *See Rivers v. Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997). Judicial efficiency results from a stay because if a case is transferred to an MDL proceeding, the transferor court will have "needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge [and] any efforts on behalf of . . . [the

transferor] court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidation litigation . . . ." *Id.* at 1361.

Further, a temporary stay order will not prejudice Plaintiff. This lawsuit is in its infancy, and a stay would be limited to the brief period until the Panel decides whether to consolidate the instant action in MDL 1715. To the contrary, Defendants will be prejudiced if forced to spend resources in the instant action and the MDL Panel transfers the matter to MDL 1715. Proceeding in this lawsuit will also waste judicial resources if the MDL Panel later transfers the lawsuit. The U.S. District Court for the Western District of Tennessee recently considered an identical motion with respect to the same MDL litigation in *Jones v. Lewis et al.*, No. 06-1051-T/An, 2006 U.S. Dist. LEXIS 21610 (W.D. Tenn. Apr. 17, 2006) (copy attached as Exh. 3). The court determined that "having the pretrial issues decided in the MDL proceeding will best promote judicial economy and conserve judicial resources . . . [and] that any prejudice to the plaintiffs resulting from a stay would not be significant. However, in the absence of a stay, the risk to the defendants of duplicative motions and discovery is substantial." *Id.* at *4. Defendants aver that a stay in this case is similarly appropriate.

## B.    The MDL Proceeding

On or about July 1, 2005, plaintiffs in *Cheryl Williams and Duvall Naughton et al. v. Ameriquest Mortgage Company*, Civil Action No. 1-05-6189 (S.D.N.Y.), filed a Motion to Transfer for Coordination and/or Consolidation Pursuant to 28 U.S.C. § 1407 ("Transfer Motion"), seeking transfer of their action and the following four other actions to the Central District of California for coordinated or consolidate pretrial proceedings: *Burggraff, et al. v. Ameriquest Capital Corp., et al.*, Civil Action No. 2-04-9715 (C.D. Cal.); *Knox, et al. v. Ameriquest Mortgage Co., et al.*, Civil Action No. 3-05-240 (N.D. Cal.); *Murphy, et al. v.*

*Ameriquest Mortgage Co.*, Civil Action No. 1-04-12651 (D. Mass.); and *Latonya Williams, et al.*

*v. Ameriquest Mortgage Co*., Civil Action No. 8-05-1036 (M.D. Fla.).

On December 13, 2005, the Panel issued the Transfer Order transferring all five actions identified in the Transfer Motion to the Transferee Court pursuant to 28 U.S.C. § 1407 for coordinated or consolidated pretrial proceedings.

In the Transfer Order, the Panel held as follows:

> On the basis of the papers filed and hearing session held, the Panel finds that these five actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All five actions before the Panel concern allegedly predatory lending practices by Ameriquest Mortgage Co., or a related entity, in soliciting and closing residential mortgage transactions; among other things, plaintiffs allege that Ameriquest failed to disclose material terms and engaged in so-called bait-and-switch tactics. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, including those with respect to class certification; and conserve the resources of the parties.  [pp. 1-2].

The Panel has issued over thirty (30) Conditional Transfer Orders, conditionally transferring approximately 283 actions against Defendants and other defendants to the Transferee Court for coordinated or consolidated pretrial proceedings with those actions previously transferred pursuant to the Transfer Order.

## III.    **THE MDL RULES**

Defendants are required to seek removal of this lawsuit to MDL 1715 under the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.  Specifically, Rule 1.1 states that "[a] 'tag-along action' refers to a civil action pending in a district court and involving common questions of fact with actions previously transferred under" 28 U.S.C. § 1407.  (*See* Exh. 1). Pursuant to Rule 7.4, the Clerk of the Panel may issue an order transferring tag-along actions to the previously designated transferee court; in this instance MDL 1715.

Rule 7.5(e) states that "[a]ny party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 **shall promptly** notify the Clerk of the Panel of any potential 'tag-along actions' in which that party is also named or in which that counsel appears."  (Emph. added).  Thus, under the Rules, Defendants must identify this lawsuit as a potential tag-along action by seeking its removal to MDL 1715.

## IV.    <u>CONCLUSION</u>

Based on the foregoing, Defendants respectfully request that the Court grant this Motion and issue a temporary stay pending the MDL Panel's decision to transfer this lawsuit to MDL 1715.

This the <u>7th</u> day of February, 2008.

/s/ Katherine K. Layhew
David W. Houston, IV (BPR # 20802)
Katherine Knight Layhew (BPR# 22274)
**BURR & FORMAN LLP**
700 Two American Center
3102 West End Avenue
Nashville, Tennessee 37203
Telephone:  (615) 724-3219
Facsimile: (615) 724-3319
E-mail:  klayhew@burr.com
         dhouston@burr.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February <u>7th</u>, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the following:

> Jessica Myers, BPR #022595
> David J. Tarpley, BPR #4059
> Legal Aid Society of Middle
>   Tennessee and the Cumberlands
> 300 Deaderick Street
> Nashville, TN 37201
> (615)780-7138
> (Attorneys for Plaintiff)

/s/ Katherine K. Layhew
Katherine Knight Layhew (BPR # 22274)



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

April 2, 2001

MICHAEL J. BECK
CLERK OF THE PANEL

*Effective November 2, 1998, With Amendments Effective June 1, 2000, & April 2, 2001*

RULES OF PROCEDURE
OF THE
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

TABLE OF CONTENTS

I.  GENERAL RULES/RULES FOR MULTIDISTRICT LITIGATION
UNDER 28 U.S.C. §1407

Rule 1.1:      Definitions
Rule 1.2:      Practice
Rule 1.3:      Failure to Comply with Rules
Rule 1.4:      Admission to Practice Before the Panel and Representation in Transferred Actions
Rule 1.5:      Effect of the Pendency of an Action Before the Panel
Rule 1.6:      Transfer of Files
Rule 5.1:      Keeping Records and Files
Rule 5.11:     Place of Filing of Papers
Rule 5.12:     Manner of Filing Papers
Rule 5.13:     Filing of Papers: Computer Generated Disk Required
Rule 5.2:      Service of Papers Filed
Rule 5.3:      Corporate Disclosure Statement
Rule 6.2:      Applications for Extensions of Time
Rule 7.1:      Form of Papers Filed
Rule 7.2:      Motion Practice
Rule 7.3:      Show Cause Orders
Rule 7.4:      Conditional Transfer Orders for "Tag-Along Actions"
Rule 7.5:      Miscellaneous Provisions Concerning "Tag-Along Actions"
Rule 7.6:      Termination and Remand
Rule 16.1:     Hearing Sessions and Oral Argument

II.  RULES FOR MULTICIRCUIT PETITIONS FOR REVIEW
UNDER 28 U.S.C. §2112(a)(3)

Rule 17.1:     Random Selection
Rule 25.1:     Filing of Notices
Rule 25.2:     Accompaniments to Notices
Rule 25.3:     Service of Notices
Rule 25.4:     Form of Notices
Rule 25.5:     Service of Panel Consolidation Order

CONVERSION TABLE

RULES OF PROCEDURE
OF THE
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

I.  <u>GENERAL RULES/RULES FOR MULTIDISTRICT LITIGATION
UNDER 28 U.S.C. §1407</u>

RULE 1.1:    <u>DEFINITIONS</u>

As used in these Rules "Panel" means the members of the Judicial Panel on Multidistrict Litigation appointed by the Chief Justice of the United States pursuant to Section 1407, Title 28, United States Code.

"Clerk of the Panel" means the official appointed by the Panel to act as Clerk of the Panel and shall include those deputized by the Clerk of the Panel to perform or assist in the performance of the duties of the Clerk of the Panel.

"Chairman" means the Chairman of the Judicial Panel on Multidistrict Litigation appointed by the Chief Justice of the United States pursuant to Section 1407, or the member of the Panel designated by the Panel to act as Chairman in the absence or inability of the appointed Chairman.

A "tag-along action" refers to a civil action pending in a district court and involving common questions of fact with actions previously transferred under Section 1407.

RULE 1.2:    <u>PRACTICE</u>

Where not fixed by statute or rule, the practice shall be that heretofore customarily followed by the Panel.

RULE 1.3:    <u>FAILURE TO COMPLY WITH RULES</u>

The Clerk of the Panel may, when a paper submitted for filing is not in compliance with the provisions of these Rules, advise counsel of the deficiencies and a date for full compliance.  If full compliance is not accomplished within the established time, the non-complying paper shall nonetheless be filed by the Clerk of the Panel but it may be stricken by order of the Chairman of the Panel.

RULE 1.4:    <u>ADMISSION TO PRACTICE BEFORE THE PANEL AND REPRESENTATION IN
TRANSFERRED ACTIONS</u>

Every member in good standing of the Bar of any district court of the United States is entitled without condition to practice before the Judicial Panel on Multidistrict Litigation.  Any attorney of record in any action

transferred under Section 1407 may continue to represent his or her client in any district court of the United States to which such action is transferred. Parties to any action transferred under Section 1407 are not required to obtain local counsel in the district to which such action is transferred.

RULE 1.5:     EFFECT OF THE PENDENCY OF AN ACTION BEFORE THE PANEL

The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. §1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court. A transfer or remand pursuant to 28 U.S.C. §1407 shall be effective when the transfer or remand order is filed in the office of the clerk of the district court of the transferee district.

RULE 1.6:     TRANSFER OF FILES

(a)     Upon receipt of a certified copy of a transfer order from the clerk of the transferee district court, the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file and a certified copy of the docket sheet for each transferred action.

(b)     If an appeal is pending, or a notice of appeal has been filed, or leave to appeal has been sought under 28 U.S.C. §1292(b) or a petition for an extraordinary writ is pending, in any action included in an order of transfer under 28 U.S.C. §1407, and the original file or parts thereof have been forwarded to the court of appeals, the clerk of the transferor district court shall notify the clerk of the court of appeals of the order of transfer and secure the original file long enough to prepare and transmit to the clerk of the transferee district court a certified copy of all papers contained in the original file and a certified copy of the docket sheet.

(c)     If the transfer order provides for the separation and simultaneous remand of any claim, cross-claim, counterclaim, or third-party claim, the clerk of the transferor district court shall retain the original file and shall prepare and transmit to the clerk of the transferee district court a certified copy of the docket sheet and copies of all papers except those relating exclusively to separated and remanded claims.

(d)     Upon receipt of an order to remand from the Clerk of the Panel, the transferee district court shall prepare and send to the clerk of the transferor district court the following:
       (i)     a certified copy of the individual docket sheet for each action being remanded;
      (ii)     a certified copy of the master docket sheet, if applicable;
     (iii)     the entire file for each action being remanded, as originally received from the transferor district court and augmented as set out in this rule;
     (iv)     a certified copy of the final pretrial order, if applicable; and
     (v)     a "record on remand" to be composed of those parts of the files and records produced during coordinated or consolidated pretrial proceedings which have been stipulated to or designated by counsel as being necessary for any or all proceedings to be conducted following remand. It shall be the responsibility of counsel originally preparing or filing any document to be included in the "record on remand" to furnish on request sufficient copies to the clerk of the transferee district court.

(e)    The Clerk of the Panel shall be notified when any files have been transmitted pursuant to this Rule.

RULE 5.1:    KEEPING RECORDS AND FILES

(a)    The records and files of the Panel shall be kept by the Clerk of the Panel at the offices of the Panel.  Records and files may be temporarily or permanently removed to such places at such times as the Panel or the Chairman of the Panel shall direct.  The Clerk of the Panel may charge fees, as prescribed by the Judicial Conference of the United States, for duplicating records and files.  Records and files may be transferred whenever appropriate to the Federal Records Center.

(b)    In order to assist the Panel in carrying out its functions, the Clerk of the Panel shall obtain the complaints and docket sheets in all actions under consideration for transfer under 28 U.S.C. §1407 from the clerk of each district court wherein such actions are pending.  The Clerk of the Panel shall similarly obtain any other pleadings and orders that could affect the Panel's decision under 28 U.S.C. §1407.

RULE 5.11:    PLACE OF FILING OF PAPERS

All papers for consideration by the Panel shall be submitted for filing to the Clerk of the Panel by mailing or delivering to:

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E., Room G-255, North Lobby
Washington, D.C.  20002-8004

No papers shall be left with or mailed to a Judge of the Panel.

RULE 5.12:    MANNER OF FILING OF PAPERS

(a)    An original of the following papers shall be submitted for filing to the Clerk of the Panel:  a proof of service pursuant to Rule 5.2(a) and (b) of these Rules, a notice of appearance pursuant to Rule 5.2(c) and (d) of these Rules, a corporate disclosure statement pursuant to Rule 5.3 of these Rules, a status notice pursuant to Rules 7.2(f), 7.3(e) and 7.4(b) of these Rules, a notice of opposition pursuant to Rules 7.4(c) and 7.6(f)(ii) of these Rules, a notice of related action pursuant to Rules 7.2(i), 7.3(a) and 7.5(e) of these Rules, an application for extension of time pursuant to Rule 6.2 of these Rules, or a notice of presentation or waiver of oral argument pursuant to Rule 16.1(d) of these Rules.  An original and eleven copies of all other papers shall be submitted for filing to the Clerk of the Panel.  The Clerk of the Panel may require that additional copies also be submitted for filing.

(b)    When papers are submitted for filing, the Clerk of the Panel shall endorse thereon the date for filing.

(c)    Copies of motions for transfer of an action or actions pursuant to 28 U.S.C. §1407 shall be filed in each district court in which an action is pending that will be affected by the motion. Copies of a motion for remand pursuant to 28 U.S.C. §1407 shall be filed in the Section 1407 transferee district court in which any action affected by the motion is pending.

(d)    Papers requiring only an original may be faxed to the Panel office with prior approval of the Clerk of the Panel. No papers requiring multiple copies shall be accepted via fax.

RULE 5.13:    FILING OF PAPERS:  COMPUTER GENERATED DISK REQUIRED

(a)    Whenever an original paper and eleven copies is required to be submitted for filing to the Clerk of the Panel pursuant to Rule 5.12(a) of these Rules, and where a party is represented by counsel, one copy of that paper must also be submitted on a computer readable disk and shall be filed at the time the party's paper is filed. The disk shall contain the entire paper exclusive of computer non-generated exhibits. The label of the disk shall include i) "MDL #___," ii) an abbreviated version of the MDL descriptive title, or other appropriate descriptive title, if not yet designated by the Panel, iii) the identity of the type of paper being filed (i.e. motion, response, reply, etc.), iv) the name of the counsel who signed the paper, and v) the first named represented party on the paper.

(b)    The paper must be on a 3 ½ inch disk in WordPerfect for Windows format.

(c)    One copy of the disk may be served on each party separately represented by counsel. If a party chooses to serve a copy of the disk, the proof of service, as required by Rule 5.2 of these Rules, must indicate service of the paper in both paper and electronic format.

(d)    A party may be relieved from the requirements of this Rule by submitting a written application for a waiver, in a timely manner in advance of submission of the paper, certifying that compliance with the Rule would impose undue hardship, that the text of the paper is not available on disk, or that other unusual circumstances preclude compliance with this Rule. The requirements of this Rule shall not apply to parties appearing pro se. Papers embraced by this Rule and submitted by counsel after June 1, 2000 without a computer disk copy or Panel-approved waiver of the requirements of this Rule shall be governed by Rule 1.3 of these Rules.

RULE 5.2:    SERVICE OF PAPERS FILED

(a)    All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such

instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)     The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion.  The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)     Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation.  Only one attorney shall be designated for each party.  Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address.  Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)     In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel.  After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)     If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel.  Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

RULE 5.3:     CORPORATE DISCLOSURE STATEMENT

(a)      Any nongovernmental corporate party to a matter before the Panel shall file a statement identifying all its parent corporations and listing any publicly held company that owns 10% or more of the party's stock.

(b)     A party shall file the corporate disclosure statement within eleven days of the filing of a motion to transfer or remand, an order to show cause, or a motion to vacate a conditional transfer order or a conditional remand order.

(c)    Once a corporate disclosure statement by a party has been filed in an MDL docket pursuant to subsection (b) of this Rule, such a party is required to update the statement to reflect any change in the information therein i) until the matter before the Panel is decided, and ii)  within eleven days of the filing of any subsequent motion to transfer or remand, order to show cause, or motion to vacate a conditional transfer order or a conditional remand order in that docket.

## RULE 6.2:    APPLICATIONS FOR EXTENSIONS OF TIME

Any application for an extension of time to file a pleading or perform an act required by these Rules must be in writing, must request a specific number of additional days and may be acted upon by the Clerk of the Panel.  Such an application will be evaluated in relation to the impact on the Panel's calendar as well as on the basis of the reasons set forth in support of the application.  Any party aggrieved by the Clerk of the Panel's action on such application may submit its objections to the Panel for consideration.  Absent exceptional circumstances, no extensions of time shall be granted to file a notice of opposition to either a conditional transfer order or a conditional remand order.  All applications for extensions of time shall be filed and served in conformity with Rules 5.12, 5.2 and 7.1 of these Rules.

## RULE 7.1:    FORM OF PAPERS FILED

(a)    Averments in any motion seeking action by the Panel shall be made in numbered paragraphs, each of which shall be limited, as far as practicable, to a statement of a single factual averment.

(b)    Responses to averments in motions shall be made in numbered paragraphs, each of which shall correspond to the number of the paragraph of the motion to which the responsive paragraph is directed.  Each responsive paragraph shall admit or deny wholly or in part the averment of the motion, and shall contain the respondent's version of the subject matter when the averment or the motion is not wholly admitted.

(c)    Each pleading filed shall be:
    (i)    flat and unfolded;
    (ii)    plainly written, typed in double space, printed or prepared by means of a duplicating process, without erasures or interlineations which materially deface it;
    (iii)    on opaque, unglazed, white paper (not onionskin);
    (iv)    approximately 8-1/2 x 11 inches in size; and
    (v)    fastened at the top-left corner without side binding or front or back covers.

(d)    The heading on the first page of each pleading shall commence not less than three inches from the top of the page.  Each pleading shall bear the heading "Before the Judicial Panel on Multidistrict Litigation," the identification "MDL Docket No.___" and the descriptive title designated by the Panel for the litigation involved.  If the Panel has not yet designated a title, an appropriate descriptive title shall be used.

(e)    The final page of each pleading shall contain the name, address and telephone number of the attorney or party in active charge of the case.  Each attorney shall also include the name of each party represented.

(f)      Except with the approval of the Panel, each brief submitted for filing with the Panel shall be limited to twenty pages, exclusive of exhibits.  Absent exceptional circumstances, motions to exceed page limits shall not be granted.

(g)      Exhibits exceeding a cumulative total of 50 pages shall be fastened separately from the accompanying pleading.

(h)      Proposed Panel orders shall not be submitted with papers for filing.

RULE 7.2:      MOTION PRACTICE

(a)      All requests for action by the Panel under 28 U.S.C. §1407 shall be made by written motion. Every motion shall be accompanied by:

      (i)      a brief in support thereof in which the background of the litigation and factual and legal contentions of the movant shall be concisely stated in separate portions of the brief with citation of applicable authorities; and

      (ii)      a schedule giving

            (A)      the complete name of each action involved, listing the full name of each party included as such on the district court's docket sheet, not shortened by the use of references such as "et al." or "etc.";

            (B)      the district court and division in which each action is pending;

            (C)      the civil action number of each action; and

            (D)      the name of the judge assigned each action, if known.

(b)      The Clerk of the Panel shall notify recipients of a motion of the filing date, caption, MDL docket number, briefing schedule and pertinent Panel policies.

(c)      Within twenty days after filing of a motion, all other parties shall file a response thereto.  Failure of a party to respond to a motion shall be treated as that party's acquiescence to the action requested in the motion.

(d)      The movant may, within five days after the lapse of the time period for filing responsive briefs, file a single brief in reply to any opposition.

(e)      Motions, their accompaniments, responses, and replies shall also be governed by Rules 5.12, 5.2 and 7.1 of these Rules.

(f)      With respect to any action that is the subject of Panel consideration, counsel shall promptly notify the Clerk of the Panel of any development that would partially or completely moot the matter before the Panel.

(g)      A joinder in a motion shall not add any action to the previous motion.

(h)      Once a motion is filed, any other pleading that purports to be a "motion" in the docket shall be filed by the Clerk of the Panel as a response unless the "motion" adds an action.  The Clerk of the Panel, upon

designating such a pleading as a motion, shall acknowledge that designation by the distribution of a briefing schedule to all parties in the docket. Response time resulting from an additional motion shall ordinarily be extended only to those parties directly affected by the additional motion. An accelerated briefing schedule for the additional motion may be set by the Clerk of the Panel to conform with the hearing session schedule established by the Chairman.

(i)        Any party or counsel in a new group of actions under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential tag-along action in which that party is also named or in which that counsel appears.

## RULE 7.3:        SHOW CAUSE ORDERS

(a)        When transfer of multidistrict litigation is being considered on the initiative of the Panel pursuant to 28 U.S.C. §1407(c)(i), an order shall be filed by the Clerk of the Panel directing the parties to show cause why the action or actions should not be transferred for coordinated or consolidated pretrial proceedings. Any party or counsel in such actions shall promptly notify the Clerk of the Panel of any other federal district court actions related to the litigation encompassed by the show cause order. Such notification shall be made for additional actions pending at the time of the issuance of the show cause order and whenever new actions are filed.

(b)        Any party may file a response to the show cause order within twenty days of the filing of said order unless otherwise provided for in the order. Failure of a party to respond to a show cause order shall be treated as that party's acquiescence to the Panel action contemplated in the order.

(c)        Within five days after the lapse of the time period for filing a response, any party may file a reply limited to new matters.

(d)        Responses and replies shall be filed and served in conformity with Rules 5.12, 5.2 and 7.1 of these Rules.

(e)        With respect to any action that is the subject of Panel consideration, counsel shall promptly notify the Clerk of the Panel of any development that would partially or completely moot the matter before the Panel.

## RULE 7.4:        CONDITIONAL TRANSFER ORDERS FOR "TAG-ALONG ACTIONS"

(a)        Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b)        Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c)     Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period.  If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel.  The Clerk of the Panel shall notify the parties of the briefing schedule.

(d)     Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof.  The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel.  Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e)     Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f)     Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.


RULE 7.5:     MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"

(a)     Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b)     Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c)     Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407.  Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown.  The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d)     A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e)     Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

RULE 7.6:       TERMINATION AND REMAND

In the absence of unusual circumstances—

(a)       Actions terminated in the transferee district court by valid judgment, including but not limited to summary judgment, judgment of dismissal and judgment upon stipulation, shall not be remanded by the Panel and shall be dismissed by the transferee district court. The clerk of the transferee district court shall send a copy of the order terminating the action to the Clerk of the Panel but shall retain the original files and records unless otherwise directed by the transferee judge or by the Panel.

(b)       Each action transferred only for coordinated or consolidated pretrial proceedings that has not been terminated in the transferee district court shall be remanded by the Panel to the transferor district for trial. Actions that were originally filed in the transferee district require no action by the Panel to be reassigned to another judge in the transferee district at the conclusion of the coordinated or consolidated pretrial proceedings affecting those actions.

(c)       The Panel shall consider remand of each transferred action or any separable claim, cross-claim, counterclaim or third-party claim at or before the conclusion of coordinated or consolidated pretrial proceedings on

         (i)       motion of any party,

         (ii)       suggestion of the transferee district court, or

         (iii)       the Panel's own initiative, by entry of an order to show cause, a conditional remand order or other appropriate order.

(d)       The Panel is reluctant to order remand absent a suggestion of remand from the transferee district court. If remand is sought by motion of a party, the motion shall be accompanied by:

         (i)       an affidavit reciting

              (A)       whether the movant has requested a suggestion of remand from the transferee district court, how the court responded to any request, and, if no such request was made, why;

              (B)       whether all common discovery and other pretrial proceedings have been completed in the action sought to be remanded, and if not, what remains to be done; and

              (C)       whether all orders of the transferee district court have been satisfactorily complied with, and if not, what remains to be done; and

         (ii)       a copy of the transferee district court's final pretrial order, where such order has been entered.

Motions to remand and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

(e)       When an order to show cause why an action or actions should not be remanded is entered pursuant to subsection (c), paragraph (iii) of this Rule, any party may file a response within twenty days of the

filing of said order unless otherwise provided for in the order. Within five days of filing of a party's response, any party may file a reply brief limited to new matters. Failure of a party to respond to a show cause order regarding remand shall be treated as that party's acquiescence to the remand. Responses and replies shall be filed and served in conformity with Rules 5.12, 5.2 and 7.1 of these Rules.

(f)    Conditional Remand Orders

(i)    When the Panel has been advised by the transferee district judge, or otherwise has reason to believe, that pretrial proceedings in the litigation assigned to the transferee district judge are concluded or that remand of an action or actions is otherwise appropriate, an order may be entered by the Clerk of the Panel remanding the action or actions to the transferor district court. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose remand, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(ii)    Any party opposing the remand shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(iii)    Within fifteen days of the filing of its notice of opposition, the party opposing remand shall file a motion to vacate the conditional remand order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as a withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(iv)    Conditional remand orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(v)    Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

(g)    Upon receipt of an order to remand from the Clerk of the Panel, the parties shall furnish forthwith to the transferee district clerk a stipulation or designation of the contents of the record or part thereof to be remanded and furnish the transferee district clerk all necessary copies of any pleading or other matter filed so as to enable the transferee district clerk to comply with the order of remand.

RULE 16.1:    HEARING SESSIONS AND ORAL ARGUMENT

(a)    Hearing sessions of the Panel for the presentation of oral argument and consideration of matters taken under submission without oral argument shall be held as ordered by the Panel. The Panel shall convene whenever and wherever desirable or necessary in the judgment of the Chairman. The Chairman shall determine which matters shall be considered at each hearing session and the Clerk of the Panel shall give notice to counsel for all parties involved in the litigation to be so considered of the time, place and subject matter of such hearing session.

(b)      Each party filing a motion or a response to a motion or order of the Panel under Rules 7.2, 7.3, 7.4 or 7.6 of these Rules may file simultaneously therewith a separate statement limited to one page setting forth reasons why oral argument should, or need not, be heard.  Such  statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard," and shall be filed and served in conformity with Rules 5.12 and 5.2 of these Rules.

(c)      No transfer or remand determination regarding any action pending in the district court shall be made by the Panel when any party timely opposes such transfer or remand unless a hearing session has been held for the presentation of oral argument except that the Panel may dispense with oral argument if it determines that:

     (i)      the dispositive issue(s) have been authoritatively decided; or

     (ii)      the facts and legal arguments are adequately presented in the briefs and record,

and the decisional process would not be significantly aided by oral argument.

Unless otherwise ordered by the Panel, all other matters before the Panel, such as a motion for reconsideration, shall be considered and determined upon the basis of the papers filed.

(d)      In those matters in which oral argument is not scheduled by the Panel, counsel shall be promptly advised.  If oral argument is scheduled in a matter the Clerk of the Panel may require counsel for all parties who wish to make or to waive oral argument to file and serve notice to that effect within a stated time in conformity with Rules 5.12 and 5.2 of these Rules.  Failure to do so shall be deemed a waiver of oral argument by that party.  If oral argument is scheduled but not attended by a party, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision by the Panel on the basis of the papers filed.

(e)      Except for leave of the Panel on a showing of good cause, only those parties to actions scheduled for oral argument who have filed a motion or written response to a motion or order shall be permitted to appear before the Panel and present oral argument.

(f)      Counsel for those supporting transfer or remand under Section 1407 and counsel for those opposing such transfer or remand are to confer separately prior to the oral argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication.

(g)      Unless otherwise ordered by the Panel, a maximum of twenty minutes shall be allotted for oral argument in each matter.  The time shall be divided equally among those with varying viewpoints.  Counsel for the moving party or parties shall generally be heard first.

(h)      So far as practicable and consistent with the purposes of Section 1407, the offering of oral testimony before the Panel shall be avoided.  Accordingly, oral testimony shall not be received except upon notice, motion and order of the Panel expressly providing for it.

(i)      After an action or group of actions has been set for a hearing session, consideration of such action(s) may be continued only by order of the Panel on good cause shown.

## II.  RULES FOR MULTICIRCUIT PETITIONS FOR REVIEW
## UNDER 28 U.S.C. §2112(a)(3)

### RULE 17.1:     RANDOM SELECTION

(a)      Upon filing a notice of multicircuit petitions for review, the Clerk of the Panel or designated deputy shall randomly select a circuit court of appeals from a drum containing an entry for each circuit wherein a constituent petition for review is pending.  Multiple petitions for review pending in a single circuit shall be allotted only a single entry in the drum.  This random selection shall be witnessed by the Clerk of the Panel or a designated deputy other than the random selector.  Thereafter, an order on behalf of the Panel shall be issued, signed by the random selector and the witness,

(i)      consolidating the petitions for review in the court of appeals for the circuit that was randomly selected; and

(ii)      designating that circuit as the one in which the record is to be filed pursuant to Rules 16 and 17 of the Federal Rules of Appellate Procedure.

(b)      A consolidation of petitions for review shall be effective when the Panel's consolidation order is filed at the offices of the Panel by the Clerk of the Panel.

### RULE 25.1:     FILING OF NOTICES

(a)      An original of a notice of multicircuit petitions for review pursuant to 28 U.S.C. §2112(a)(3) shall be submitted for filing to the Clerk of the Panel by the affected agency, board, commission or officer.  The term "agency" as used in Section II of these Rules shall include agency, board, commission or officer.

(b)      All notices of multicircuit petitions for review submitted by the affected agency for filing with the Clerk of the Panel shall embrace exclusively petitions for review filed in the courts of appeals within ten days after issuance of an agency order and received by the affected agency from the petitioners within that ten-day period.

(c)      When a notice of multicircuit petitions for review is submitted for filing to the Clerk of the Panel, the Clerk of the Panel shall file the notice and endorse thereon the date of filing.

(d)      Copies of notices of multicircuit petitions for review shall be filed by the affected agency with the clerk of each circuit court of appeals in which a petition for review is pending that is included in the notice.

### RULE 25.2:     ACCOMPANIMENTS TO NOTICES

(a)      All notices of multicircuit petitions for review shall be accompanied by:

(i)      a copy of each involved petition for review as the petition for review is defined in 28 U.S.C. §2112(a)(2); and

(ii)      a schedule giving

(A)      the date of the relevant agency order;

(B)      the case name of each petition for review involved;

(C)     the circuit court of appeals in which each petition for review is pending;

(D)     the appellate docket number of each petition for review;

(E)     the date of filing by the court of appeals of each petition for review;  and

(F)     the date of receipt by the agency of each petition for review.

(b)     The schedule in Subsection (a)(ii) of this Rule shall also be governed by Rules 25.1, 25.3 and 25.4(a) of these Rules.

RULE 25.3:     SERVICE OF NOTICES

(a)     All notices of multicircuit petitions for review shall be accompanied by proof of service by the affected agency on all other parties in all petitions for review included in the notice.  Service and proof of service shall be made as provided in Rule 25 of the Federal Rules of Appellate Procedure.  The proof of service shall state the name and address of each person served and shall indicate the party represented by each.  If a party is not represented by counsel, the proof of service shall indicate the name of the party and his or her last known address.  The original proof of service shall be submitted by the affected agency for filing with the Clerk of the Panel and copies thereof shall be sent by the affected agency to each person included within the proof of service.

(b)     The proof of service pertaining to notices of multicircuit petitions for review shall certify that copies of the notices have been mailed or otherwise delivered by the affected agency for filing to the clerk of each circuit court of appeals in which a petition for review is pending that is included in the notice.

RULE 25.4:     FORM OF NOTICES

(a)     Each notice of multicircuit petitions for review shall be
(i)     flat and unfolded;
(ii)    plainly written, typed in double space, printed or prepared by means of a duplicating process, without erasures or interlineations which materially deface it;
(iii)   on opaque, unglazed white paper (not onionskin);
(iv)    approximately 8-1/2 x 11 inches in size; and
(v)     fastened at the top-left corner without side binding or front or back covers.

(b)     The heading on the first page of each notice of multicircuit petitions for review shall commence not less that three inches from the top of the page.  Each notice shall bear the heading Notice to the Judicial Panel on Multidistrict Litigation of Multicircuit Petitions for Review," followed by a brief caption identifying the involved agency, the relevant agency order, and the date of the order.

(c)     The final page of each notice of multicircuit petitions for review shall contain the name, address and telephone number of the individual or individuals who submitted the notice on behalf of the agency.

RULE 25.5:    SERVICE OF PANEL CONSOLIDATION ORDER

(a)    The Clerk of the Panel shall serve the Panel's consolidation order on the affected agency through the individual or individuals, as identified in Rule 25.4(c) of these Rules, who submitted the notice of multicircuit petitions for review on behalf of the agency.

(b)    That individual or individuals, or anyone else designated by the agency, shall promptly serve the Panel's consolidation order on all other parties in all petitions for review included in the Panel's consolidation order, and shall promptly submit a proof of that service to the Clerk of the Panel.  Service and proof of that service shall also be governed by Rule 25.3 of these Rules.

(c)    The Clerk of the Panel shall serve the Panel's consolidation order on the clerks of all circuit courts of appeals that were among the candidates for the Panel's random selection.

\*    \*    \*    \*    \*

CONVERSION TABLE

| Renumbered Rule/Previous Rule | | Renumbered Rule/Previous Rule | |
|---|---|---|---|
| 1.1 | 1 | 7.1 | 9 |
| 1.2 | 5 | 7.2 | 10 |
| 1.3 | 4 | 7.3 | 11 |
| 1.4 | 6 | 7.4 | 12 |
| 1.5 | 18 | 7.5 | 13 |
| 1.6 | 19 | 7.6 | 14 |
| 5.1 | 2 | 16.1 | 16, 16.2 & 17 |
| 5.11 | 3 | 17.1 | 24 |
| 5.12 | 7 | 25.1 | 20 |
| 5.13 | – | 25.2 | 21 |
| 5.2 | 8 | 25.3 | 22 |
| 5.3 | – | 25.4 | 23 |
| 6.2 | 15 | 25.5 | 25 |

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 1 3 2005

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1715*

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION*

## *BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

## *TRANSFER ORDER*

This litigation currently consists of one action each in the Central District of California, Northern District of California, Middle District of Florida, District of Massachusetts and Southern District of New York as listed on the attached Schedule A.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiffs in the Southern District of New York action for coordinated or consolidated pretrial proceedings of these actions in the Central District of California. No plaintiff opposes the motion. Plaintiff in the Central District of California action initially opposed, but now supports, the motion for transfer to that district, along with plaintiffs in a potential tag-along action pending there.[2] Plaintiffs in the Northern District of California action support the motion; if the Panel does not order centralization in the Central District of California, these plaintiffs support transfer to any centrally located district with the resources to handle this litigation. Defendants Ameriquest Mortgage Co., Ameriquest Capital Corp. and Argent Mortgage Co. (collectively Ameriquest) oppose the motion.

On the basis of the papers filed and hearing session held, the Panel finds that these five actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All five actions before the Panel concern allegedly predatory lending practices by Ameriquest Mortgage Co., or a related entity, in soliciting and closing residential mortgage

---

[1]    Four additional actions are pending two apiece in the Central District of California and Northern District of Illinois, and one related action each is in the Middle District of Florida and District of Minnesota. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2]    Plaintiffs in one Northern District of Illinois related action initially opposed the motion as well, but withdrew their response because moving plaintiffs submitted a pleading expressly stating that they do not seek transfer of that action.

**OFFICIAL FILE COPY**

**IMAGED** DEC 1 3 2005

- 2 -

transactions; among other things, plaintiffs allege that Ameriquest failed to disclose material terms and engaged in so-called bait-and-switch tactics. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, including those with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Ameriquest opposes the motion, in part, because plaintiffs seek redress under different legal theories and purport to represent varying putative classes. We find these contentions unpersuasive. Transfer under Section 1407 does not require a complete identity, or even majority, of common factual issues as a prerequisite to transfer and has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that allows discovery with respect to any individual issues to proceed concurrently with discovery on common issues. *See, e.g., In re Insurance Brokerage Antitrust Litigation*, 360 F.Supp. 2d 1371 (J.P.M.L. 2005). Indeed, the transferee court can employ any number of pretrial techniques, such as establishing separate discovery and/or motion tracks, to manage this litigation efficiently and to ensure that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions.

As suggested by the moving plaintiffs, the Panel initially considered transferring this litigation to the Central District of California; however, the judge assigned to the constituent action pending in that district expressed reluctance in light of her current caseload. The Panel has thus determined that the Northern District of Illinois is an appropriate transferee district for this litigation. Two actions involving the lending practices of Ameriquest are pending in this district. Also, this geographically central district will be a convenient location for a litigation already nationwide in scope.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Marvin E. Aspen for coordinated or consolidated pretrial proceedings in that district.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

.

MDL-1715 -- In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation

### Central District of California

*Adolph Peter Kurt Burggraff v. Ameriquest Capital Corp., et al.*, C.A. No. 2:04-9715

### Northern District of California

*Nona Knox, et al. v. Ameriquest Mortgage Co., et al.*, C.A. No. 3:05-240

### Middle District of Florida

*Latonya Williams, et al. v. Ameriquest Mortgage Co.*, C.A. No. 8:05-1036

### District of Massachusetts

*Isabelle M. Murphy, et al. v. Ameriquest Mortgage Co.*, C.A. No. 1:04-12651

### Southern District of New York

*Cheryl Williams, et al. v. Ameriquest Mortgage Co.*, C.A. No. 1:05-6189

FOCUS - 1 of 2 DOCUMENTS

**TENITA J. JONES and QUINTIN GLENN, Plaintiffs, vs. THOMAS L. LEWIS; Individually and in his official capacity as member and/or Chief Manager of HOME BOYS, LLC and as agent for HALTOM INVESTMENTS, LLC d/b/a CENTURY 21 ACTION REALTY; HALTOM INVESTMENTS, LLC d/b/a CENTURY 21 ACTION REALTY; HOME BOYS, LLC; ASSURED EQUITY, INC. d/b/a ASSURED EQUITY MORTGAGE COMPANY, LLC; ARGENT MORTGAGE COMPANY, LLC; AMERIQUEST MORTGAGE COMPANY, d/b/a AMC MORTGAGE SERVICES, INC.; WELLS FARGO BANK, NA d/b/a AMERICA'S SERVICING COMPANY; AMERICA'S SERVICING COMPANY; CONNIE G. TURNER, individually and as Appraiser, d/b/a TURNER APPRAISALS; NEISHA R. CUPPLES, individually and as Agent of ASSURED EQUITY MORTGAGE COMPANY, LLC; DAVID H. HUEY, as Agent of ASSURED EQUITY MORTGAGE COMPANY, LLC, Defendants.**

No. 06-1051-T/An

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE, EASTERN DIVISION

*2006 U.S. Dist. LEXIS 21610*

**April 17, 2006, Filed**

**COUNSEL:** [*1] For Tenita J. Jones, Quintin Glenn, Plaintiffs: Michael L. Weinman, WEINMAN & ASSOCIATES, Jackson, TN; Carol Gish, WEST TENNESSEE LEGAL SERVICES, INC., Jackson, TN.

For Thomas L. Lewis, Individually, and in his official capacity as member and/or Chief Manager of Home Boys, LLC and as agent for Haltom Investments, LLC, Home Boys, LLC, Defendants: Charles H. Barnett, III, SPRAGINS BARNETT & COBB, PLC, Jackson, TN.

For Argent Mortgage Company, LLC, Ameriquest Mortgage Company, doing business as AMC Mortgage Services, Inc., AMC Mortgage Services, Inc., Defendants: G. Brian Jackson, MILLER & MARTIN, LLP, Nashville, TN.

For Wells Fargo Bank, NA, d/b/a America's Servicing Company, America's Servicing Company, Defendants: Bradley E. Trammell, BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, Memphis, TN.

For Connie G. Turner, Individually and as Appraiser, d/b/a Turner Appraisals, Defendant: Russell E. Reviere, RAINEY KIZER REVIERE & BELL, Jackson, TN.

**JUDGES:** James D. Todd, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** James D. Todd

**OPINION**

ORDER GRANTING MOTION TO STAY

Plaintiffs Tenita J. Jones and Quintin Glenn filed this action on March 7, 2006, against various individuals and entities, [*2] including Ameriquest Mortgage Company. Plaintiffs allege that the defendants engaged in predatory lending practices and schemes in violation of both federal and state law.

On April 14, 2006, the Ameriquest defendants filed a motion to stay all further proceedings pending a decision by the Judicial Panel on Multidistrict Litigation ("MDL Panel") on whether this case should be transferred to the United States District Court for the Northern District of Illinois as a "tag-along" action in MDL Proceeding No. 1715, *In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation.*

The MDL Panel issued the first Transfer Order establishing MDL-1715 on December 13, 2005. In that order, the Panel stated:

2006 U.S. Dist. LEXIS 21610, *

On the basis of the papers filed and hearing session held, the Panel finds that these five actions involve common questions of fact, and that centralization under *Section 1407* in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All five actions before the Panel concern allegedly predatory lending practices by Ameriquest Mortgage Co., or a related entity, in soliciting and [*3] closing residential mortgage transactions; among other things, plaintiffs allege that Ameriquest failed to disclose material terms and engaged in so-called bait-and-switch tactics. Centralization under *Section 1407* is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, including those with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Transfer Order, at 1-2 (J.P.M.L. Dec. 13, 2005).

The decision whether to grant a stay of a particular action is within the inherent power of the Court and is discretionary. *See Landis v. North Am. Co., 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936)* ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). A stay is appropriate in this case, as the MDL Panel has already determined that coordination under *§ 1407* is appropriate. In addition, on April 3, 2006, the MDL Panel issued a Conditional Transfer Order transferring this action and eighteen others from various districts to MDL-1715. [*4] If no opposition is filed within fifteen days of that order, the Conditional Transfer Order will be transmitted to the Northern District of Illinois for filing.

The Court finds that having the pretrial issues decided in the MDL proceeding will best promote judicial economy and conserve judicial resources. In addition, the Court finds that any prejudice to the plaintiffs resulting from a stay would not be significant. However, in the absence of a stay, the risk to the defendants of duplicative motions and discovery is substantial.

For the foregoing reasons, the motion to stay pending the MDL Panel's transfer decision is GRANTED.

IT IS SO ORDERED.

s/ **James D. Todd**

UNITED STATES DISTRICT JUDGE