IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| MARK DICKERSON,<br>    Plaintiff, | )<br>)<br>)<br>) | |
| v. | ) | Docket No. 3:07-1272 |
| | ) | |
| AMERIQUEST MORTGAGE,<br>COMPANY and CITI RESIDENTIAL<br>LENDING | )<br>)<br>) | Jury Demand |
| | ) | |
|     Defendants. | ) | |

___

**PROPOSED CASE MANAGEMENT ORDER**
___

1. The court has jurisdiction of this cause pursuant to 28 U.S.C. §§ 1331, 2201 and 1367. Jurisdiction is not disputed.

2. <u>Mandatory initial disclosures</u>. Pursuant to Fed. R. Civ. P. 26(a)(1), all parties must make their initial disclosures on or before May 2, 2008.

3. <u>Discovery</u>. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including sub-parts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Wiseman.

4. <u>Dispositive motions</u>. Briefs shall not exceed <u>25 pages</u>. No motion for **partial** summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of the overall economy of time and expense for the parties, counsel and the court.

5. Both defendants have been served with process.

6. Both defendants have been served with the initial complaint.

7. The parties do not anticipate the need for a stay of discovery, or for any protective order or other limitations upon discovery.

8. The parties propose the following schedule for the completion of discovery and other pretrial matters:

   a. The defendants shall file a response to the Complaint by April 18, 2008.

   b. Discovery, including interrogatories, requests for admissions and requests for production of documents, shall be served within a time frame that all responses to any discovery shall be due no later than November 15, 2008.

   c. Plaintiff shall disclose any experts and submit any expert reports by November 1, 2008. Defendants shall disclose any experts and submit any expert reports by December 1, 2008.

   d. Depositions shall be completed by December 15, 2008, except that expert witness depositions may be taken up to January 15, 2009.

   e. Motions to amend the pleadings shall be filed and served by January 1, 2009.

   f. Dispositive motions shall be filed and served by January 15, 2009.

   g. A pretrial conference, if needed, shall be held by March 15, 2009.

   h. A jury trial in this cause shall be held on or after April 14, 2009. The trial is estimated to require two days.

10. The parties consider the prospects for settlement of this case to be unknown. The parties shall submit a mediation report on or before December 15, 2008, indicating the identity of the mediator and schedule for mediation, or, if no mediation is planned, a general explanation regarding the reason that mediation would not be beneficial in this case.

11. The parties' theories of the case are as follows:

    a. <u>For Plaintiff</u>:

In September, 2005 the plaintiff entered into a home equity loan transaction in which defendant Ameriquest Mortgage Company was originator and initial creditor, and defendant Citi Residential Lending is the current mortgage loan servicer. In its communications with plaintiff prior to the closing, all of which took place over the telephone, defendant Ameriquest represented to the plaintiff that through the new loan his interest rates and monthly payments would be lowered, his existing debt would be paid off; and that he could get "cash out." The closing of the loan took place at the office of Ameriquest and plaintiff felt rushed and overwhelmed. During the closing, the details of the loan, such as monthly payment amount, interest rate, and the ARM provision, were not discussed.

Only after arriving back at his workplace did plaintiff have a chance to review the loan documents. It was at that time that he discovered that his taxes and insurance were not escrowed, that his monthly payments and interest rate were actually higher than with his previous loan, and that his new loan had an adjustable rate feature, while his previous loan had been for a fixed rate. When plaintiff called Ameriquest representatives to inquire about these issues, he was told by Ameriquest representatives "not to worry" and that plaintiff would not have to pay taxes and escrow "for a year anyway." He was also told by Ameriquest representatives that he could refinance the loan with Ameriquest, "in a couple of months." When plaintiff approached Ameriquest in early 2006 regarding a refinance of the loan, Ameriquest denied his request.

When the loan was closed in September, 2005, the plaintiff was given a set of documents. However, the plaintiff did not receive all of the documents he was entitled to

receive under the Truth in Lending Act and Regulation Z. He received only one copy of the right to cancel notice, where he should have received two. In addition, the right to cancel notice did not show the date by which the plaintiff could cancel the loan. The omission of the required number of right to cancel notices as well as the absence of a date on the existing notice in September, 2005, effectively extended the statutory rescission right of the plaintiff for a period of up to three years from the closing date.

Plaintiff rescinded and cancelled the loan transaction through a letter sent on September 24, 2007, from his counsel to defendant Ameriquest and to the servicer at that time, AMC Mortgage Services. AMC Mortgage Services sent the rescission letter to Citi Residential Lending when Citi Residential took over servicing of the loan in October 2007.

Through this action plaintiff seeks enforcement of his statutory rescission of the home equity loan. The effect of the rescission is that all costs and fees paid or payable at closing are void; all interest paid or payable in the transaction is void; and the lien (the deed of trust) is void. Plaintiff also seeks damages for fraud and misrepresentation on the part of Ameriquest Mortgage Company and its agents.

b.    Defendants' Theories:

Defendants aver that Plaintiff's TILA claims are barred by the applicable statute of limitations, and further, that no violation of TILA occurred. In particular, Plaintiff signed a Notice of Right to Cancel on September 24, 2005, stating that he had a right to cancel the transaction within three business days. The Notice also stated that he acknowledged "receipt of two copies of this notice of right to cancel, and one copy of the Federal Truth in Lending Disclosure Statement, all given by lender in compliance with Truth in Lending Simplification Reform Act of 1980 (Public Law 96-221)." Although the case is in the early stage of discovery,

according to the Complaint, Plaintiff attempted to rescind the loan two years later, far outside the statutory three day period. Further, Defendants aver that Plaintiff has not pled allegations sufficient to amount to a claim of fraudulent misrepresentation or fraud in the inducement under Tennessee law. Plaintiff admits that he was given a copy of his loan documents at the closing. Plaintiff does not plead that any information relative to his loan was concealed or misrepresented to him at the closing. Defendants assert that, if Plaintiff relied upon any statements made in an alleged sales call, such reliance was unreasonable. Plaintiff does not plead that he relied on the statements in the alleged phone call. In short, Defendants aver that there is no violation of TILA, Plaintiff had no right to rescind his loan in September of 2007, and that they have not violated Tennessee law.

            Respectfully submitted,

            _/s/ Jessica Myers_____
            Jessica Myers BPR #25595
            David J. Tarpley, BPR #4059
            LEGAL AID SOCIETY OF MIDDLE
            TENNESSEE AND THE CUMBERLANDS
            300 Deaderick Street
            Nashville, TN 37201
            (615) 244-6610
            Fax: (615) 244-4920
            Email: jmyers@las.org
               dtarpley@las.org

            Counsel for *MARK DICKERSON*

            _/s/ Katherine K. Layhew_____
            Katherine K. Layhew, BPR #22274
            David W. Houston, BPR #20802
            *BURR & FORMAN, LLP*

700 Two American Center  
3102 West End Avenue  
Nashville, TN 37203  
(615) 724-3200  
Fax: (615) 724-3319  
Email: klayhew@burr.com  
dhouston@burr.com  

Counsel for *CITI RESIDENTIAL LENDING & AMERIQUEST MORTGAGE COMPANY*