IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| MARK DICKERSON,  Plaintiff,  v.  AMERIQUEST MORTGAGE COMPANY and CITI RESIDENTIAL LENDING,  Defendants. | CASE NO. 3-07-1272  JUDGE WISEMAN |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

## I. INTRODUCTION

According to the allegations in Plaintiff's Complaint, Plaintiff allegedly attempted to rescind a residential real estate mortgage loan more than two years after Plaintiff had originally obtained his loan. Plaintiff was provided ample notice of his right to rescind at the time of the underlying transactions back in 2005. At the time Plaintiff allegedly attempted to rescind more than two years later, Plaintiff had no right to rescind, and any other claims Plaintiff may bring are barred by the relevant statute of limitations. As set forth in more detail below, all of Plaintiff's Truth-in-Lending Act (TILA) based claims are due to be dismissed under Rule 12(b)(6) and Plaintiff's fraud claims are due to be dismissed pursuant to Rule 9(b):

## II. FACTS

The following facts are alleged Plaintiff's Complaint or are set forth in documents referenced in the Complaint:

1.  Plaintiff received a phone call from a representative from Defendant Ameriquest Mortgage Company ("Ameriquest") in August, 2005, informing him that Ameriquest could offer

11415 v1

him a mortgage with lower payments and a lower interest rate, that he could consolidate his bills, and get "cash out."[1]

2.     Plaintiff and Ameriquest representatives engaged in several phone calls over subsequent weeks, in which Plaintiff gave Ameriquest information regarding his employment status, salary, and wage bonuses.[2]

3.     Subsequent to the above phone calls, Plaintiff obtained a residential real estate mortgage loan from Ameriquest on September 23, 2005.[3]

4.     Plaintiff admits that, in connection with the loan closing, he was provided a "closing packet," which contained loan related documents.[4]

5.     Plaintiff admits that he was provided a "NOTICE OF RIGHT TO CANCEL" form at the September 23, 2005 loan closing.[5]

6.     Plaintiff signed and dated the "NOTICE OF RIGHT TO CANCEL" form. The form specifically acknowledged: "The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement, all given by the lender in compliance with the Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221)."[6]

---

[1] Docket Entry No. 1, Compl., ¶¶ 7-8.

[2] *Id.* at ¶ 9.

[3] *Id.* at ¶ 12.

[4] *Id.* at ¶ 15.

[5] *Id.* at ¶ 16.

[6] See <u>Exh. A</u>. If the Court determines that it needs to evaluate the "NOTICE OF RIGHT TO CANCEL" form in order to dismiss plaintiff's claims, the Court may still dispose of the matter under Rule 12(b)(6) and not under summary judgment as provided for in Rule 56: Extrinsic documents which are referenced in the complaint and central to a plaintiff's claims may

7.     Notwithstanding being informed, at the closing of his right to rescind, the plaintiff did not attempt to rescind his loan until he allegedly sent a letter on September 24, 2007.[7]  In other words, Plaintiff waited more than two years before attempting to rescind.

8.     Then, on or about December 21, 2007, Plaintiff filed the present action against defendants, alleging TILA violations and seeking, inter alia, statutory damages, actual damages, rescission, and a declaration that security interests are null and void.  In addition, Plaintiff asserts claims for misrepresentation and fraud in the inducement under Tennessee law.

## II.  ARGUMENT

### A.     Any TILA Claims Plaintiff May Attempt To Bring Unrelated To His Alleged Attempted Rescission Are Barred By The Statute Of Limitations.

Any TILA claims regarding Defendants' alleged failure to give proper notice of Plaintiff's right to cancel the loan are barred by the relevant statute of limitations.[8]  A Rule 12(b)(6) motion to dismiss for failure to state a claim is proper "when failure to comply with the statute of limitations is plain on the face of the complaint."[9]  In this case, the statute under which plaintiff seeks relief provides, in relevant part:  "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, ***within one year from the date of the occurrence*** of the violation."[10]  Plaintiff allegedly obtained his loan on

---

be considered by the court on a motion to dismiss without converting the motion into one for summary judgment.  *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997); *Latimer v. Robinson*, 338 F.Supp. 841, 843 (M.D. Tenn. 2004).

[7] Compl., ¶ 24.

[8] Compl., ¶ 16.

[9] *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992).

[10] 15 U.S.C. § 1640(e) (emphasis added).

September 23, 2005.[11]  As such, plaintiff's Complaint, filed **_more than two years later_** on December 21, 2007, was clearly filed outside of the statute's one-year limitations period, and any relief plaintiff may seek for Truth-in-Lending violations unrelated to his attempted rescission beginning on September 24, 2007 are time-barred.

### B. Plaintiff's Allegation That He Was Not Provided Notice Of His Rescission Right Is Contradicted By His Own Complaint.

Plaintiff's TILA claims in this case are premised on the allegation that he was never provided with appropriate notice of his right to rescind, thereby extending his rescission rights for the full three-year period set forth in 15 U.S.C. § 1635(f).  However, absent this allegation in plaintiff's Complaint, the Truth-in-Lending Act prescribes a narrow window of time in which to exercise rescission rights -- namely, "until midnight of the third business day following the consummation of the transaction or the delivery of the information and the rescission forms required under this section together with a statement containing all the material disclosures."[12] And while courts, in evaluating dismissal under Rule 12(b)(6), should assume allegations in the Complaint to be true, courts should not "swallow the plaintiff's invective hook, line, and sinker" and "must refrain from crediting … bald assertions, unsupportable conclusions and 'opprobrius epithets.'" [13]  Moreover, "a plaintiff's complaint will not survive a motion to dismiss under Rule 12(b)(6) unless it contains 'either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'"[14]

---

[11] Compl., ¶ 12.

[12] 15 U.S.C. § 1635(a) (emphasis added).

[13] *Palmer v. Champion Mortgage*, 465 F.3d 24, 28 (1st Cir. 2006).

[14] *Utilla v. City of Memphis*, 40 F.Supp. 2d 968, 970 (W.D. Tenn. 1999) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

Plaintiff's allegation in this case that the "NOTICE OF RIGHT TO CANCEL" form did not identify "the date by which plaintiff could cancel the loan"[15] is squarely contradicted by the "NOTICE OF RIGHT TO CANCEL" form that he signed on September 24, 2005.  Under the statute, plaintiff's acknowledgement creates a "rebuttable presumption" that he received the forms.   Plaintiff in this case apparently ***does not dispute the authenticity*** of his acknowledgment.

The Sixth Circuit's opinion in *Mills v. Equicredit Corp.*, 172 F. Appx. 652 (6th Cir. 2006) (unpublished) is instructive as to the facts alleged at bar.  In *Mills*, the plaintiffs claimed, among other things, that Equicredit "had not made the required TILA disclosures prior to their rescission on November 26, 2002, because (1) the Notice of Right to Cancel form was the wrong notice for a refinancing transaction." *Id.* at 654.  The district court found that even if Equicredit had used the wrong form, as the plaintiffs alleged, the form used nonetheless informed the plaintiffs of their right to cancel. *Id.*

Like here, the plaintiffs in *Mills* did not contest that they signed a notice of right to cancel.  However, the plaintiffs argued that "Equicredit's use of the incorrect form constituted a material mis-disclosure which trigger[ed their] extended right to rescission." *Id.*  The plaintiffs in *Mills* further equated the use of the incorrect form with the failure to notify them of their right to rescind. *Id.*

Noting the district court's finding that "[i]t is undisputed that Plaintiffs' signed forms titled 'Notice of Right to Cancel' which notified Plaintiffs that they had three days to cancel their loan agreement with Defendants," the Sixth Circuit in *Mills* agreed with the district court that "assuming that the form used by Equicredit was technically incorrect. . .the form nonetheless

---

[15] Compl., ¶ 16.

informed [the Plaintiffs] of their right to cancel the loan transaction." *Id.* at 657. As a result, the Sixth Circuit held that the district court's dismissal of the TILA claim was proper. *See also Barrett v. Bank One, N.A.*, 511 F.Supp. 2d 836 (E.D. KY 2007) (relying on *Mills* in dismissing the plaintiffs' TILA claims, including claims under 15 U.S.C. § 1635 and 15 U.S.C. § 1640).

The Sixth Circuit's reasoning and holding in *Mills* are dispositive of the issue in this matter. As in *Mills*, the "NOTICE OF RIGHT TO CANCEL" form that the plaintiff admittedly took home at closing indicated to him that he had "THREE BUSINESS DAYS" from the "date you received this notice of your right to cancel" in which to rescind the transaction. It is further undisputed that the plaintiff in this case made no attempt to rescind the transactions within the statutory three-day period. As such, plaintiff's rights to rescind expired long before he allegedly sent a rescission letter on September 24, 2007. Accordingly, plaintiff's TILA claims are due to be dismissed under Rule 12(b)(6).

    **C.**    **Plaintiff's Fraud Claims Must Be Dismissed For Failure to Plead with Requisite Specificity**

Plaintiff has alleged common law claims of fraud in the inducement and tortious misrepresentation.[16] Each of these claims must be dismissed, because Plaintiff has failed to comply with the pleading requirements of Federal Rules of Civil Procedure 9(b). Under Tennessee law, "intentional misrepresentation" or "fraudulent misrepresentation" are synonymous with fraud.[17] The elements of a fraud action are:

> (1) an intentional misrepresentation with regard to a material fact, (2) knowledge of the representation falsity - that the representation was made "knowingly" or "without belief in its truth," or "recklessly" with regard to its truth

---

[16] Compl. ¶¶ 30, 31.

[17] *Freightliner of Knoxville, Inc. v. DiamlerChrysler Vans, LLC*, 438 F. Supp. 2d 869, 886 n. 2 (E.D. Tenn. 2006); *Concrete Spaces, Inc. v. Sender*, 2 S.W.3d 901, 904 n. 1 (Tenn. 1999).

or falsity, (3) that the plaintiff reasonably relied on the misrepresentation and suffered damage, and (4) that the misrepresentation relates to an existing or past fact.[18]

The elements of an action from fraud in the inducement are virtually identical:

>  (1) a false statement concerning a fact material to the transaction; (2) knowledge of the statement's falsity or utter disregard for its truth; (3) intent to induce reliance on the statement; (4) reliance under circumstances manifesting a reasonable right to rely on the statement; (5) an injury resulting from the reliance.[19]

In a case where a party alleges fraud, the party must also meet the heightened pleading requirements of Fed. R. Civ. P. 9(b).[20] In the Sixth Circuit, the requirement that fraud be stated with particularity requires that "the plaintiff must, at a minimum, allege the time, place and content of the misrepresentations, the defendant's fraudulent intent; the fraudulent scheme; and the injury from the fraud."[21]

Here, the Complaint is devoid of several of these basic allegations.[22] With respect to the phone call Plaintiff allegedly received in August 2005, Plaintiff fails to allege that the unidentified caller had a fraudulent intent or scheme, or that Plaintiff was injured from such

---

[18] *Freightliner*, 438 F. Supp. 2d at 886 (citing *Carter v. Patrick*, 163 S.W.3d 69, 77 (Tenn. Ct. App. 2004)).

[19] *Lamb v. Megaflight, Inc.*, 26 S.W.3d 627, 630 (Tenn. Ct. App. 2000).

[20] *Power & Telephone Supply Co. v. SunTrust Bank*, 447 F.3d 923, 931 (6th Cir. 2006); *Coffey v. Foamex, L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993).

[21] *Power & Telephone*, 447 F.3d at 931; *see also United States v. Community Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir. 2003).

[22] Plaintiff's Third Cause of Action does not appear to be directed at Citi. However, to the extent that Plaintiff intended to bring such claims against Citi, such claims must be dismissed for failure to plead any of the elements of fraudulent misrepresentation or fraudulent inducement with respect to Citi. Plaintiff has not alleged any facts to suggest that its fraud claims are brought against Citi.

phone call.[23] Plaintiff also does not allege that the caller made any misrepresentations as to an *existing or past fact*. All of the statements allegedly made by the caller relate to a potential contract to be made in the future.[24] Most importantly, Plaintiff has not alleged that he relied upon any of these alleged statements to his detriment, or that such reliance would have been reasonable. In fact, Plaintiff admits in the Complaint that he had several subsequent conversations with Ameriquest representatives, giving them specific information about his financial situation[25] but does not allege that anyone at Ameriquest continued to make statements similar to those of the alleged phone call after Ameriquest received his financial information, nor does Plaintiff allege that anyone at Ameriquest prevented him from asking questions about his loan or discovering the truth about its terms.

With respect to Plaintiff's allegations surrounding the loan closing, the Complaint has not identified any fraudulent scheme of Ameriquest, any specific fact that was covered up or misrepresented, or any fraudulent intent on the part of Ameriquest. Plaintiff does not otherwise aver that rate, payment or other terms were misrepresented to him; in fact, the Complaint does not identify any statements or promises made during the closing *at all*.[26] Rather, the Complaint is self-defeating on its face, because the allegations in the Complaint demonstrate that Plaintiff was, at the closing, given the information that he now alleges was concealed or misrepresented to him.[27] Again, Plaintiff does not allege that anyone at Ameriquest prevented him from asking

---

[23] Compl., ¶¶ 7-8.

[24] *Id*. at ¶ 8.

[25] *Id*. at ¶¶ 9-10.

[26] *Id*. at ¶¶ 12-14.

[27] *Id*. at ¶ 15.

questions about his loan or discovering the truth about its terms. In short, Plaintiff's claims of fraudulent misrepresentation and fraudulent inducement do not comport with the heightened pleading requirements of Fed. R. Civ. P. 9(b) and should be dismissed.

### IV.  CONCLUSION

**WHEREFORE**, Defendants respectfully request that the Court enter an order dismissing Plaintiff's Complaint.

Respectfully submitted,

/s/ Katherine K. Layhew
David W. Houston, IV (BPR# 20802)
Katherine Knight Layhew (BPR# 22274)
BURR & FORMAN LLP
700 Two American Center
3102 West End Avenue
Nashville, Tennessee  37203
Telephone:  (615) 724-3219
Facsimile:  (615) 724-3319
E-mail:  klayhew@burr.com
              dhouston@burr.com

*Counsel for Defendants*
*Ameriquest Mortgage Company and*
*Citi Residential Lending, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 24, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the following:

Jessica Myers, BPR# 022595
David J. Tarpley, BPR# 4059
Legal Aid Society of Middle Tennessee and the Cumberlands
300 Deaderick Street
Nashville, TN  37201
(615) 780-7138
(Attorneys for Plaintiff)

                                                  /s/ Katherine K. Layhew
                                                Katherine Knight Layhew (BPR# 22274)

# NOTICE OF RIGHT TO CANCEL

LENDER: Ameriquest Mortgage Company

DATE: September 23, 2005
LOAN NO.:
TYPE: ADJUSTABLE RATE

BORROWER(S): Mark Edward Dickerson

ADDRESS:
CITY/STATE/ZIP: Nashville, TN 37214

PROPERTY:
　　Nashville, TN 37214

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

1. The date of the transaction, which is

   **ENTER DOCUMENT SIGNING DATE**
   9/24/2005

   or
2. The date you received your Truth in Lending disclosures;
   or
3. The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled, and we must return to you any money or property you have given to us or anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

## HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

Ameriquest Mortgage Company
1600 S Douglass Rd
Anaheim, CA 92806

ATTN: FUNDING
PHONE: (714)634-3494
FAX: (800)664-2256

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of

**ENTER FINAL DATE TO CANCEL**
9/28/2005

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.
**I WISH TO CANCEL**

SIGNATURE _____　　DATE _____

The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL, and one copy of the Federal Truth in Lending Disclosure Statement, all given by lender in compliance with Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221).

Each borrower in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective to all borrowers.

 9/24/05
BORROWER/OWNER Mark Edward Dickerson　　Date　　BORROWER/OWNER　　Date

BORROWER/OWNER　　Date　　BORROWER/OWNER　　Date

1004-NRC (Rev 11/03)　　

LENDER COPY
09/23/2005 3:44:29 PM

REDACTED

172 Fed. Appx. 652, *; 2006 U.S. App. LEXIS 5023, **;
2006 FED App. 0150N (6th Cir.)

LEXSEE 172 F. APPX. 652

**FRANKLIN D. MILLS and EVA MILLS, Plaintiffs-Appellants, v. EQUICREDIT CORPORATION, et al., Defendants-Appellees.**

NO. 05-1088

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

06a0150n.06; *172 Fed. Appx. 652; 2006 U.S. App. LEXIS 5023; 2006 FED App. 0150N (6th Cir.)*

February 24, 2006, Decided
February 24, 2006, Filed

**NOTICE:** [**1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**PRIOR HISTORY:** ON APPEAL from the United States District Court for the Eastern District of Michigan.
*Mills v. Equicredit Corp., 294 F. Supp. 2d 903, 2003 U.S. Dist. LEXIS 24503 (E.D. Mich., 2003)*

**COUNSEL:** For FRANKLIN D. MILLS, EVA MILLS, Plaintiff - Appellants: Ian B. Lyngklip, Lyngklip & Taub, Southfield, MI; Rochelle E. Guznack, Plymouth, MI.

For EQUICREDIT CORPORATION, LOAN SERVICING CENTER, FAIRBANKS CAPITAL CORPORATION, Defendant - Appellees: Kathleen McCree Lewis, Thomas M. Schehr, Dykema Gossett, Detroit, MI; Joseph H. Hickey, Dykema Gossett, Bloomfield Hills, MI.

For U.S. BANK NATIONAL ASSOCIATION, TRUSTEE, Defendant - Appellee: Joseph H. Hickey, Dykema Gossett, Bloomfield Hills, MI.

For DISCOUNT MORTGAGE COMPANY DBA FIRST DISCOUNT MORTGAGE, Defendant - Appellee: Robert D. Goldstein, Garan, Lucow & Miller, Grand Blanc, MI; Steven A. Matta, Garan, Lucow & Miller, Troy, MI.

**JUDGES:** Before: SUHRHEINRICH and GRIFFIN, Circuit Judges; HOOD, Chief District [**2] Judge.*

* The Honorable Joseph M. Hood, Chief United States District Judge for the Eastern District of Kentucky, sitting by designation.

**OPINION BY:** HOOD

**OPINION**

[*652] HOOD, Chief District Judge. Plaintiffs-Appellants Franklin and Eva Mills ("the Millses" or "Appellants") appeal from the order of the district court granting the motion of Defendants-Appellees, Equicredit Corporation, Fairbanks Capital Corporation, Loan Servicing Center, [*653] and Discount Mortgage Company d/b/a First Discount Mortgage (collectively, "Equicredit" or "Appellees"), to dismiss for failure to state a claim upon which relief may be granted. For the reasons that follow, we **AFFIRM** the judgment of the district court.

**I. BACKGROUND**

Appellants refinanced their home mortgage twice with Equicredit, first on August 12, 1999, and again on February 29, 2000. At each closing, they signed a form entitled "Notice of Right to Cancel," which explained their right to cancel the mortgage within three days from either the date of the transaction, the date they received their Truth in Lending disclosures, or the date they received that notice, whichever occurred last. After Appellants defaulted on their February 29, 2000 loan, [**3] Fairbanks Capital Corporation ("Fairbanks"), which purchased the loan in April 2002, commenced foreclosure proceedings on November 19, 2002. On November 26, 2002, counsel for the appellants sent a

Case 1:08-cv-03252    Document 28-3    Filed 04/24/2008    Page 2 of 4

Page 3

172 Fed. Appx. 652, *; 2006 U.S. App. LEXIS 5023, **;
2006 FED App. 0150N (6th Cir.)

letter to Fairbanks and Equicredit explaining that they were rescinding the February 29, 2000 transaction. Neither Fairbanks nor Equicredit responded to that letter. On January 6, 2003, Appellants filed their complaint in this matter and the scheduled foreclosure proceeding was suspended.

Only the claims set forth in Counts VI and VII of the complaint are at issue in the Millses' appeal. In Count VI, entitled "HOEPA Rescission," Appellants allege that Equicredit failed to make specific disclosures to them in advance of their closing date as required by the Home Ownership and Equity Protection Act of 1994 ("HOEPA"), *15 U.S.C. §§ 1602(aa)* and *1639*, which is a part of the Truth in Lending Act ("TILA"), *15 U.S.C. §§ 1601, et seq.*, and that Equicredit required them to sign undated documents at the closings to confirm that three days had elapsed since the closings and that they did not intend to rescind the loans. In Count VI, Appellants "demand [**4] rescission and/or a declaration that they are entitled to rescind their loans under HOEPA and any other applicable state or federal law." (J.A. at 32.) In Count VII, entitled "TILA," Appellants claim that pursuant to *§§ 1635(a)* and *1640(a)* of TILA, Equicredit and U.S. Bank, a company that was never served and is not a party to this case, are liable to them for rescission of the August 12, 1999 and February 29, 2000 loan transactions.

On March 14, 2003, Equicredit moved the court to dismiss "Counts I, II, III, IV, and V of Plaintiffs' Complaint in their entirety, and portions of Counts VII and VIII." (*ild.* at 79.) Equicredit argued that the TILA claims were subject to TILA's one-year limitations period under *§ 1640(e)* and that there was no basis for tolling the statute. Equicredit asked the court to dismiss the claims for damages regarding the alleged TILA violations. In footnote seven of its brief in support, however, Equicredit attempted to define the scope of its motion: "At this time, Equicredit is not moving for dismissal pursuant to *Fed. R. Civ. P. 12(b)(6)* of Plaintiffs' TILA claim to the extent that Plaintiffs seek rescission of [**5] the second refinancing, as such claim is arguably subject to a three-year limitations period." (*Id.* at 95.)

In response, Appellants conceded that they had brought suit after the applicable statute of limitations period but alleged that under the doctrine of equitable tolling, the statute of limitations on their claims was tolled until August 2002 when they met with their counsel and were informed of Equicredit's allegedly fraudulent action. In their response to Equicredit's motion to dismiss, Appellants claimed that Equicredit [*654] had not made the required TILA disclosures prior to their rescission on November 26, 2002 because (1) the Notice of Right to Cancel form was the wrong notice for a refinancing transaction; (2) they signed the Notice of Right to Cancel form to acknowledge that the three-day rescission period had elapsed on the closing date of February 29, 2000 rather than three business days later; and (3) they were provided with only two copies (as opposed to four) of the Notice of Right to Cancel form.

During the July 2, 2003 hearing on this motion, the court asked Equicredit to explain which claims it was moving to dismiss. Equicredit stated that its motion asked the [**6] court to dismiss all claims except the HOEPA claims in Count VI, which Equicredit explained were the claims it was referring to in footnote seven, and various state law claims. Moreover, the court specifically inquired about footnote seven. During the discourse, Equicredit explained to the district court that (1) footnote seven refers to the HOEPA claims in Count VI and (2) no TILA claims would remain if the court granted its motion to dismiss.

On November 24, 2003, the district court granted Equicredit's motion and dismissed all of the federal claims in the complaint except the claims under HOEPA. The court reasoned that even if Equicredit used the wrong form, as alleged by Appellants, the form nonetheless informed them of their right to cancel. Because "Defendants did not take any steps to affirmatively conceal Plaintiffs' TILA cause of action," there was no basis for equitably tolling the statute of limitations. On November 15, 2004, the district court granted Equicredit's motion for summary judgment in its entirety.

## II. STANDARD OF REVIEW

A dismissal for failure to state a claim upon which relief can be granted is reviewed de novo. *Jackson, Tenn. Hosp. Co. v. W. Tenn. Healthcare, Inc., 414 F.3d 608, 611 (6th Cir. 2005).* [**7] The court in *Persian Galleries, Inc. v. Transcontinental Ins. Co., 38 F.3d 253 (6th Cir. 1994)* held that "[a] district court's grant of a motion to dismiss is proper when there is no set of facts that would allow the plaintiff to recover." *Id. at 258.* A complaint may be dismissed only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984).*

Despite this liberal standard of review, the plaintiff is required to provide more than the bare assertion of legal conclusions. "[A] plaintiff's complaint will not survive a motion to dismiss under *Rule 12(b)(6)* unless it contains 'either direct or inferential allegations respecting

Case 1:08-cv-03252    Document 28-3    Filed 04/24/2008    Page 3 of 4

Page 4

172 Fed. Appx. 652, *; 2006 U.S. App. LEXIS 5023, **;
2006 FED App. 0150N (6th Cir.)

all the material elements to sustain a recovery under some viable legal theory.'" *Uttilla v. City of Memphis*, 40 F. Supp. 2d 968, 970 (W.D. Tenn. 1999) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

## III. DISCUSSION

### A. *Sua Sponte* Dismissal

Appellants contend that the district court erred by dismissing [**8] *sua sponte* their rescission claim under TILA. They argue that Equicredit's motion to dismiss did not include their claim for rescission under TILA, and as a result, they were never given the opportunity to provide the court with facts that would entitle them to relief. Appellants point to footnote seven of Equicredit's motion, which they contend advised the district court that Equicredit [*655] was not moving to dismiss the TILA claim for rescission on statute of limitations grounds. Relying on *Tingler v. Marshall*, 716 F.2d 1109 (6th Cir. 1983), Appellants argue that no motion was pending regarding the rescission claim and that the district court failed to provide them with the procedural safeguards outlined in *Tingler* before dismissing *sua sponte* the TILA rescission claim.

The court in *Tingler* warned against *sua sponte* dismissals and set forth the steps that a district court must take before making such a decision. The instant case, however, bears little resemblance to the *sua sponte* dismissals addressed by *Tingler*. See, e.g., *Morrison v. Tomano*, 755 F.2d 515, 516-17 (6th Cir. 1985) (district court dismissed complaint for failure [**9] to state a cause of action without allowing plaintiffs to address the shortcomings of the complaint or otherwise respond to the impending dismissal); *Tingler*, 716 F.2d at 1111 (district court dismissed case on the merits prior to service of complaint on defendant and without notifying plaintiff of the proposed dismissal). The district court did not dismiss *sua sponte* the TILA claim; instead, after Equicredit filed an answer to the complaint and submitted a motion to dismiss, the court granted the motion, a motion that EquiCredit clarified during the hearing included all claims under TILA.

We note that Equicredit's motion to dismiss asked the district court to dismiss "portions" of Count VII. In its brief in support of that motion, Equicredit refers to how, "in Count VII, Plaintiffs claim damages under the Truth in Lending Act" and that such "claims for damages regarding alleged TILA violations in connection with the closings must be dismissed." (J.A. at 94-95.) In footnote seven, Equicredit specifically advises that it is "not moving for dismissal pursuant to *Fed. R. Civ. P. 12(b)(6)* of Plaintiffs' TILA claim to the extent [**10] that Plaintiffs seek rescission of the second refinancing, as such claim is arguably subject to a three-year limitations period." (*Id.* at 95.)

But any confusion created by footnote seven regarding the scope of Equicredit's motion to dismiss was dispelled--and Appellants were given notice that Equicredit was moving to dismiss all TILA claims--during the hearing conducted on the motion. At the hearing, after the district court asked Equicredit to explain which claims it was moving to dismiss and, notably, read footnote seven aloud, Equicredit explained that footnote seven referred to the claim for rescission under HOEPA in Count VI of the complaint. In response to the court's inquiry of what would remain if the court were to grant the motion to dismiss, Equicredit's counsel explained, "What we have stated in Footnote 7 which we identified today as Count 6 relating to HOEPA and state law claims . . . . That's my understanding of what would be left." (*Id.* at 402.) At the hearing, Equicredit clarified that it sought to dismiss Count VII of the complaint and explained to the court and Appellants that the motion, if granted, would lead to the dismissal of all claims under TILA. This [**11] discourse advised Appellants of the possibility that the court would dismiss Count VII in its entirety, which is exactly what the court did when it issued its order.

Furthermore, the district court granted Equicredit's motion to dismiss nearly five months after oral argument. During the intervening time, if Appellants believed that the court would dismiss all of their TILA claims--a distinct possibility after the hearing on this motion--they could have sought leave to amend their complaint. After the district court issued its order dismissing those claims, if Appellants believed that they were not given [*656] proper notice that the rescission claim would be dismissed, they could have sought leave to amend their complaint or filed a motion for reconsideration with the district court. No *Tingler* error occurred.

### B. The TILA Rescission Claim

On appeal, Appellants argue that the district court erred in dismissing their TILA rescission claim by conflating their claim for damages under TILA with their claim for rescission under TILA. Appellants contend that they are entitled to rescission of the February 29, 2000 loan transaction because Equicredit did not use the correct form [**12] to notify them of their right to rescind the transaction and the form that was used by Equicredit provided substantially misleading information. According to Appellants, due to Equicredit's use of the incorrect form at the closing, they had the right to rescind the transaction for up to three years following that

Case 1:08-cv-03252   Document 28-3   Filed 04/24/2008   Page 4 of 4

Page 5

172 Fed. Appx. 652, *; 2006 U.S. App. LEXIS 5023, **;
2006 FED App. 0150N (6th Cir.)

violation.

In this case, it is of no consequence that the district court did not distinguish between Appellants' claim for rescission under TILA and their claim for damages under TILA. We may affirm the district court's dismissal on any grounds properly before us. *Russ'Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir. 1985).*

TILA provides for statutory penalties if the creditor fails to make certain disclosures required under the statute. *15 U.S.C. § 1640(a).* To prevail on a claim for damages for violations of TILA, a plaintiff must bring suit within one year from "the date of the occurrence of the violation." *15 U.S.C. § 1640(e).* Under *§ 1635*, if the TILA disclosures are never made, the obligor has a continuing right to rescind and that right to rescind is not dependent upon the one-year [**13] statute of limitations period for a claim for damages. *Rudisell v. Fifth Third Bank, 622 F.2d 243 (6th Cir. 1980).* The obligor's continuing right of rescission "shall expire three years after the date of consummation of the transaction or upon sale of the property, whichever occurs first, notwithstanding the fact that" the required disclosures have not been made. *15 U.S.C. § 1635(f).*

Pursuant to *§ 1635(a)*, Appellants had the right to rescind the February 29, 2000 transaction until "midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later." *Id. § 1635(a).* To state a claim for rescission of the February 29, 2000 transaction after that three-day period had elapsed, Appellants must plead facts that establish that Equicredit failed to inform them of their right to rescind the transaction or failed to make the other required TILA disclosures. *See Rudisell, 622 F.2d at 251* ("[Appellants] only have a right [**14] to rescind after the three day period has passed if the right to rescind was not disclosed or if other material disclosures were not made as required."). As to the claim of rescission under TILA, we agree with the district court that the facts alleged are not sufficient to state a claim upon which relief can be granted.

The Appellants do not allege that Equicredit failed to notify them of their right to rescind or that Equicredit failed to make other required TILA disclosures. Instead, they conclude that Equicredit's use of the incorrect form "constituted a material mis-disclosure which trigger[ed] their] extended right of rescission." (Appellants' Br. 20.) Appellants equate the use of the incorrect form with the failure to notify them of their right to rescind. But as the district court noted in its order [*657] granting Equicredit's motion to dismiss, "it is undisputed that Plaintiffs signed forms titled 'Notice of Right to Cancel,' which notified Plaintiffs that they had three days to cancel their loan agreements with Defendants." The district court, assuming that the form used by Equicredit was technically incorrect, held that the form nonetheless informed Appellants of their right [**15] to cancel the loan transaction. We agree with this conclusion. Although the standard for *Rule 12(b)(6)* dismissals is quite liberal, Appellants failed to plead facts that established their right to rescind the February 29, 2000 transaction beyond the three-day rescission period; therefore, the district court's dismissal of their TILA claim was proper.

## IV. CONCLUSION

For the reasons stated above, we **AFFIRM** the decision of the district court.