IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| MARK DICKERSON, )<br>    Plaintiff, )<br>                                         )<br>         v.                              )<br>                                         )<br>AMERIQUEST MORTGAGE ,      )<br>COMPANY and CITI RESIDENTIAL )<br>LENDING                              )<br>                                         )<br>    Defendants.                     ) | Docket No. 3:07-1272<br><br>Judge Wiseman<br>Magistrate Judge Griffin<br><br>Jury Demand |

_____

**PLAINTIFFS' RESPONSE TO MOTION TO DISMISS FILED BY DEFENDATS**
_____

COMES the Plaintiff, and in response to the motion to dismiss complaint pursuant to Rules 12(b)(6) and 9(b), respectfully states as follows:

(1) With respect to whether or not Plaintiff is still within the rescission period for Counts I and II of the Complaint (statutory rescission and Truth-in-Lending damages), the Motion to Dismiss filed by Defendants should be overruled. 15 U.S.C. § 1635(f) and 12 C.F.R. § 226.23(a)(3) provide an extended, three-year right of rescission to the obligor when required notices or material disclosures are not properly provided by the creditor. Because Defendants in this case did not provide the required notices and material disclosures properly, Plaintiff remains within the three-year statute of limitations and Defendants' Motion to Dismiss for failure to comply with the applicable statute of limitations fails.

(2) Defendants' motion also fails with regard to whether Plaintiff has stated a claim under the Truth in Lending Act. Plaintiff admits he was provided with a form entitled "Notice of Right

to Cancel." However, Plaintiff's claims lie in the fact that the notice provided by Defendants contained material violations of 15 U.S.C. § 1635 and 12 C.F.R. § 226.23. The notice was blank as to the final date of the three-day rescission period, and Plaintiff received only one copy of the notice, rather than the required two copies. As discussed in the accompanying memorandum filed in support of this response, a claim has been clearly stated against Defendants under the Truth-in-Lending Act.

(3) As to Count III of the Complaint (Fraud in the Inducement and Tortious Misrepresentation), plaintiff acknowledges that at this time he lacks the grounds to allege or prove liability on the part of Defendant Citi Residential Lending, and that nothing in Count III is intended to indicate claims of liability by Plaintiff against Defendant Citi Residential Lending. Plaintiff further states with regard to Count III that he has plead his claims against Defendant Ameriquest Mortgage Company for Fraud in the Inducement and Tortious Misrepresentation with the required specificity both as to the elements of a fraud action in Tennessee as well as to the heightened pleading requirements of Fed. R. Civ. P. 9(b) as interpreted by the Sixth Circuit. Therefore, as discussed further in the accompanying memorandum, Defendant's motion that Plaintiff's claims be dismissed for failure to plead fraud with the required specificity should be denied.

Respectfully submitted,

 /s/ Jessica Myers
Jessica Myers BPR #25595
David J. Tarpley, BPR #4059
Legal Aid Society of Middle
       Tennessee & the Cumberlands
300 Deaderick Street
Nashville, TN 37201
jmyers@las.org
Phone: 615-780-7138
Facsimile: 615-244-4920

Counsel for *MARK DICKERSON*

2

## CERTIFICATE OF SERVICE

I do hereby certify that on May 15, 2008, I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the following:

David W. Houston, BPR #20802
Katherine Knight Layhew, BPR #22274
Burr & Forman LLP
700 Two American Center
3102 West End Avenue
Nashville, Tennessee 37203

Counsel for *AMERIQUEST MORTGAGE COMPANY*
and *CITI RESIDENTIAL LENDING*


               __/s/ Jessica Myers_____
               Jessica Myers